Judge Pauley     07 CV 2994

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEWIS LEFKOWITZ,

                      Plaintiff,

    - against -

CRUNCH FITNESS USA and YVAN JOHNSON,

                Defendants.
------------------------------------------------------------------X



**JURY TRIAL DEMANDED**
APR 1 3 2007
**COMPLAINT**
U.S. ... D N.Y.
CASHIERS

Civ No.:

       Plaintiff, by his attorney, James LeBow, Esq., complaining of the defendants, respectfully

alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

       1. Lewis Lefkowitz, the Plaintiff, has suffered from Tourette's syndrome since childhood.

Tourette's is a neurological disorder that causes people afflicted with the disorder to exhibit

random behavior such as jerking of the head and body, shouting, and, in many cases, even

shouting obscenities.  Mr. Lefkowitz suffered such ticks while working out at CRUNCH

FITNESS on 63rd Street in Manhattan in January.  His behavior was witnessed by YVAN

JOHNSON, Membership Director of CRUNCH FITNESS, and YVAN JOHNSON subsequently

ejected Plaintiff from that CRUNCH FITNESS health club. JOHNSON proceeded to tell Mr.

Lefkowitz that he could never return to the 63rd Street location where he had been working out,

and that he was effectively banned from all CRUNCH FITNESS locations in the entire United

States. All of JOHNSON'S actions towards Mr. Lefkowitz were due to Lefkowitz's condition;

Mr. Lefkowitz was banned from exercising at CRUNCH FITNESS because he suffers from a

disability, and for that reason now brings this action against the Defendants under the American

with Disabilities Act. Specifically, relief is sought under the Americans with Disabilities Act, 42

U.S.C. §§ 12132, 12182 and 42 U.S.C. § 1983 for violation of the Americans with Disabilities

Act, Section 504 of the Rehabilitation Act, and the Fifth and Fourteenth Amendments to the

United States Constitution.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in the Southern District of New York because the incident occurred at

a Crunch Fitness location in Manhattan, New York and Plaintiff resides in Manhattan, New

York.

## THE PARTIES

4. Plaintiff LEWIS LEFKOWITZ ("Mr. Lefkowitz") suffers from Tourette's syndrome, a

neurological disorder that causes the afflicted individual to suffer significant motor and vocal

tics. Due to such tics, Mr. Lefkowitz was ejected from the CRUNCH FITNESS location at 63rd

Street in Manhattan, New York. Lewis Lefkowitz resides at 353 East 72nd Street, County of

New York, State of New York.

5. Defendant CRUNCH FITNESS USA ("Crunch") is a large corporate conglomerate

that owns and operates fitness clubs across the United States. Crunch owns, operates, and

controls the gym at 63rd Street, in the County and State of New York, from which Mr. Lefkowitz

was ejected due to his disability. Crunch serves the public and offers membership to all adults

who pay the membership fee.

6. Defendant YVAN JOHNSON ("Johnson") is the membership director of the 63rd

Street Crunch location and an employee of CRUNCH FITNESS USA. Johnson threw Mr.

2

Lefkowitz out of the gym after observing his tics, and then told Mr. Lefkowitz that he was not allowed to ever return to that gym or any Crunch location in the entire United States.

## FACTS

7. Mr. Lefkowitz suffers from Tourette's syndrome, which is a neurological disorder that causes vocal and motor tics. The tics look like abrupt, jerking movements, noises and spoken words (often obscenities). Such behavior is beyond the control of the afflicted individual, and often causes extreme embarassment and shame.

8. Mr. Lefkowitz is a qualified individual with a disability, as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(2) and the Rehabilitation Act, 29 U.S.C. § 705(20).

9. Lewis Lefkowitz often felt ashamed because of his condition, but tried to overcome his feelings of embarrassment and lead a normal life despite his condition. A friend of Mr. Lefkowitz's was a member of Crunch. Mr. Lefkowitz was considering joining a gym himself, so his friend gave him some guest passes to work out at Crunch.

10. In or about January 2007, Mr. Lefkowitz visited the Crunch location at 63rd Street with his friend, Laura. While working out, Mr. Lefkowitz experienced some tics as he routinely does as part of his Tourette's syndrome. Defendant Johnson, membership director of the gym, knew that Mr. Lefkowitz had inquired of some of the sales representatives employed by the gym about the possibility of purchasing a membership and joining the gym. Johnson observed Mr. Lefkowitz's behavior while working out and told Mr. Lefkowitz to leave the gym. Johnson later sent Mr. Lefkowitz an e-mail telling him not to return to that Crunch location or any other location in the United States.

3

11. Johnson was rude and abrasive in his treatment of Mr. Lefkowitz upon observing Lefkowitz exhibiting symptoms of his Tourette's syndrome.  Lefkowitz even saw Johnson mocking Lefkowitz and imitating Mr. Lefkowitz's tics.

12. Mr. Lefkowitz left the gym feeling sad, embarrassed, humiliated, ashamed, angry, distraught, helpless, and a host of other emotions.  Lefkowitz has sought counseling since the incident to cope with his feelings, and his Tourette's syndrome has worsened since the incident.

## AS AND FOR A FIRST CAUSE OF ACTION - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

13. Plaintiff repeats and realleges as if fully set forth herein the allegations contained in paragraphs numbered 1 through 12.

14. Defendants' ejection of Plaintiff from the Crunch location at 63rd Street, New York, New York due to Plaintiff exhibiting symptoms of his Tourette's syndrome, and subsequent banning of Plaintiff from all Crunch locations for the same reason, were discriminatory actions by Defendants against Plaintiff, a qualified individual with a disability, taken solely due to Plaintiff's disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12132.

15. At the time Defendant Johnson took the discriminatory and exclusionary actions against Plaintiff described above, Johnson was working within the scope of his employment as membership director for Defendant Crunch, and Defendant Crunch is vicariously liable for Defendant Johnson's actions.

16. As a result of Defendants' violation of Plaintiff's rights, Plaintiff has suffered injury including aggravation of his Tourette's that may be permanent, severe mental and emotional distress, damage to reputation, and economic loss, and accordingly Plaintiff is entitled to compensatory damages against Defendants in the amount of Five Million Dollars

($5,000,000.00), and punitive damages against Defendants in the amount of Ten Million Dollars

($10,000,000.00), and appropriate injunctive relief against Defendant Crunch Fitness USA,

including but not limited to allowing Plaintiff the option to visit or join any Crunch gym of his

choice if he elects to do so.

## AS AND FOR A SECOND CAUSE OF ACTION - DUE PROCESS VIOLATION

17. Plaintiff repeats and realleges as if fully set forth herein the allegations contained

in paragraphs numbered 1 through 16.

18. Defendants' ejection of Plaintiff from the Crunch location at 63rd Street, New York,

New York due to Plaintiff exhibiting symptoms of his Tourette's syndrome, and subsequent

banning from all Crunch locations for the same reason, deprived Plaintiff of liberty and property

without due process of law in violation of the Fifth and Fourteenth Amendments of the United

States Constitution.

19. As a result of Defendants' violation of Plaintiff's rights, Plaintiff has suffered injury

including aggravation of his Tourette's that may be permanent, severe mental and emotional

distress, damage to reputation, and economic loss, and accordingly Plaintiff is entitled to

compensatory damages against Defendants in the amount of Five Million Dollars

($5,000,000.00), and punitive damages against Defendants in the amount of Ten Million Dollars

($10,000,000.00), , including but not limited to allowing Plaintiff the option to visit or join any

Crunch gym of his choice if he elects to do so.


**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order granting

Plaintiff compensatory damages against defendants in the amount of Five Million Dollars

(5,000,000.00) on the first and second causes of action, and punitive damages against

defendants in the amount of Ten Million dollars (10,000,000.00) on the first and second

causes of action; appropriate injunctive relief against Defendants on the first and second

causes of action; granting Plaintiff reasonable attorney fees, costs and disbursements

pursuant to the Civil Rights Attorneys Fees Award Act of 1976, 42 U.S.C.§ 1988. the

Americans with Disabilities Act, 42 U.S.C. § 12205; and granting such other and further

relief as to this Court may deem just and proper.


Dated : April 13, 2007
        New York, New York                         Respectively Submitted,

                                                   _____
                                                   James B. LeBow ( JL 4535)
                                                   Attorney for Plaintiff
                                                   488 Madison Ave., Suite 1100
                                                   New York, NY 10022