# SILLER WILK LLP
ATTORNEYS AT LAW
675 THIRD AVENUE
NEW YORK, NY 10017-5704
(212) 421-2233
FACSIMILE: (212) 752-6380
hrella@sillerwilk.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/07

NEW JERSEY OFFICE:
121 SUMMIT AVENUE
SUITE 202
SUMMIT, NJ 07901
TELEPHONE: (908) 273-2490

HELEN A. RELLA, OF COUNSEL
DIRECT DIAL: (212) 981-2310

EUROPEAN OFFICE:
40, RUE DU STAND
1204 GENEVA, SWITZERLAND
TELEPHONE: +41 22 322 20 10
FACSIMILE:   +41 22 322 20 19

[Stamp: MAY 17 2007 CHAMBERS OF ...]

May 16, 2007

**Via By Hand Delivery**
Honorable William H. Pauley
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2210
New York, NY 10007

*[Handwritten: Application granted. The pre-motion conference will be held concurrently with the initial pre-trial conference on 6/15/07 at 11:00 a.m.]*
**SO ORDERED:**
*[signature]*
WILLIAM H. PAULEY III U.S.D.J.
5/18/07

Re:    Lefkowitz v. Crunch Fitness USA and Yvan Johnson
       Index No: 07 CV ~~3294~~ 2994

**Request for Pre-Motion Conference re: Motion to Dismiss**

Dear Judge Pauley:

We are counsel to AGT Crunch Acquisitions LLC, ("AGT Crunch") (incorrectly named as Crunch Fitness USA) and Yvan Johnson ("Johnson"), in the above-named. This letter is written pursuant to Your Honor's rules of practice Rule 3.A.(i), and 3.A.(ii) in order to request a pre-motion conference before making a motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12. (AGT Crunch and Johnson may sometimes collectively be referred to as "Defendants.")

Defendants seek to dismiss the Complaint on the grounds that *inter alia* the Complaint fails to state a cause of action upon which relief may be granted, as more fully set forth below; in addition, the Complaint was not properly served and incorrectly names the parties to the action.

As an initial matter, Defendants respectfully request that the Court order that the submission of this letter requesting permission to file a motion to dismiss, pursuant to FRCP 12 (which shall be filed promptly with permission of the Court subsequent to the Court's scheduling of a pre-motion conference and in accordance with the Court's instructions), be deemed to constitute timely service of a motion pursuant to FRCP 12(b).

170482

Hon. William H. Pauley
May 16, 2007
Page 2 of 3

## I.     Procedural History:

Plaintiff Lewis Lefkowitz ("Lefkowitz" or "Plaintiff") filed his Summons and Complaint in the United States District Court, Southern District of New York, Index No. 07 CV 2994, dated April 13, 2007, on April 13, 2007.

On or about April 25, 2007, Plaintiff delivered two copies of the Complaint to the offices of AGT Crunch in New York. To date, Mr. Johnson, an employee of AGT Crunch, has neither been served with, nor received a copy of the Complaint.

## II.    The Complaint:

The Complaint alleges, *inter alia*, that Plaintiff, who allegedly suffers from Tourette's syndrome, was treated improperly/discriminated against in conjunction with his use of a "Crunch" fitness gym.

The Complaint sets forth two causes of action. The first is for violation of the Americans With Disabilities Act, 42 U.S.C. §12132 (and references the Rehabilitation Act, 29 U.S.C. §705(20)) and the second is a claim of the violation of the Plaintiff's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. Neither claim states a cause of action upon which relief can be granted, and thus, as Defendants will demonstrate, the Complaint is subject to dismissal.

## III.   The Proposed Motion to Dismiss:
        The Third-Party Complaint Fails to State Appropriate Claims:

As a threshold matter it is Defendants' position that proper service of the Complaint was not effectuated. Concomitantly since, to Defendant AGT Crunch's knowledge, there is no such entity as "Crunch Fitness USA" Plaintiff's purported delivery of his Complaint to AGT Crunch's offices was improper and ineffective.

Put succinctly, the causes of action pled against Defendants in the Complaint lack any basis in law or fact and fail to state claims upon which relief can be granted.

### A.     Claims Under the ADA

Plaintiff's claim under the Americans With Disabilities Act (the "ADA") cannot be sustained as a matter of law, because while Plaintiff claims that Defendants violated the ADA, § 12132 of the ADA under which Plaintiff brings his claim, is applicable only to public entities, and is not applicable to either private entities, such as AGT Crunch, or private individuals, such as Defendant Johnson. (A public entity is specifically defined under the statute to include any State or local government, department, agency, special purpose district, or other instrumentality of a State or States or local government and the National Railroad Passenger Corporation, and any commuter authority, as defined in the title). Moreover, ever if the referenced section of the ADA could be found to be

170482

Hon. William H. Pauley
May 16, 2007
Page 3 of 3

applicable (which it can not be according to a plain reading of the ADA), Plaintiff has failed to properly state a claim for discrimination under the ADA. In addition, the Rehabilitation Act, referenced by Plaintiff in his Complaint, is only applicable to claims of discrimination under any program or activity receiving Federal financial assistance; neither of the Defendants meet this prerequisite.

**B.     Claims Under the 5th and 14th Amendments to the US Constitution**

Similarly misplaced are Plaintiff's claims brought under the due process clauses of the Fifth and Fourteenth Amendments to the US Constitution. While the Fifth and Fourteenth Amendments forbid both federal and state governments from depriving any person of life, liberty or property without due process of law, they do not apply to the acts of private persons or entities, such as the Defendants. The only exception is if such private persons or entities are acting under color of state authority or law, which is neither alleged, nor applicable here.

**C.     Claim for Fees under 42 U.S.C. § 1988**

Finally, Plaintiff's claim for attorneys fees, costs and disbursements under 42 U.S.C. §1988, is not applicable as a matter of law, because the referenced statute does not encompass claims set forth in Plaintiff's Complaint.

**IV.    Conclusion:**

Accordingly, as Defendants will conclusively demonstrate to the Court in detail it their motion, Plaintiff has failed to state a claim against Defendants upon which relief can be granted and his Complaint must be dismissed.

Based upon the foregoing, Defendants respectfully requests permission of this Court to make a motion to dismiss seeking to dismiss the Complaint in its entirety. In addition, we may seek costs and attorneys fees based, in part, upon Plaintiff's frivolous claims.

Respectfully Submitted,

Siller Wilk LLP

By: _____

Helen A. Rella (HR 2176)

Cc:    James B. LeBow, Esq. (via by hand delivery)
       Attorney for Plaintiff

170482