UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEWIS LEFKOWITZ,

                            Plaintiff,                          **JURY TRIAL DEMANDED**

  - against -                                        **PROPOSED AMENDED**
                                                                   **COMPLAINT**

AGT CRUNCH d/b/a CRUNCH FITNESS,
and YVAN JOHNSON,                                         **Civ No.: 07 CV 2994**

                            Defendants.
------------------------------------------------------------------X

      Plaintiff, by his attorney, James LeBow, Esq., complaining of the defendants, respectfully alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

      1. Lewis Lefkowitz, the Plaintiff, has suffered from Tourette's syndrome since childhood. Tourette's is a neurological disorder that causes people afflicted with the disorder to exhibit random behavior such as jerking of the head and body, shouting, and, in many cases, even shouting obscenities. Mr. Lefkowitz suffered such ticks while working out at CRUNCH FITNESS on 63rd Street in Manhattan in January. His behavior was witnessed by YVAN JOHNSON, Membership Director of CRUNCH FITNESS, and YVAN JOHNSON subsequently ejected Plaintiff from that CRUNCH FITNESS health club. JOHNSON proceeded to tell Mr. Lefkowitz that he could never return to the 63rd Street location where he had been working out, and that he was effectively banned from all CRUNCH FITNESS locations in the entire United States. All of JOHNSON'S actions towards Mr. Lefkowitz were due to Lefkowitz's condition; Mr. Lefkowitz was banned from exercising at CRUNCH FITNESS because he suffers from a

disability, and for that reason now brings this action against the Defendants under the American with Disabilities Act. Specifically, relief is sought under the Americans with Disabilities Act, 42 U.S.C. § 12188 for violation of the Americans with Disabilities Act, U.S.C. § 12183.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in the Southern District of New York because the incident occurred at a Crunch Fitness location in Manhattan, New York and Plaintiff resides in Manhattan, New York.

## THE PARTIES

4. Plaintiff LEWIS LEFKOWITZ ("Mr. Lefkowitz") suffers from Tourette's syndrome, a neurological disorder that causes the afflicted individual to suffer significant motor and vocal tics. Due to such tics, Mr. Lefkowitz was ejected from the CRUNCH FITNESS location at 63rd Street in Manhattan, New York. Lewis Lefkowitz resides at 353 East 72nd Street, County of New York, State of New York.

5. Defendant CRUNCH FITNESS USA ("Crunch") is a large corporate conglomerate that owns and operates fitness clubs across the United States. Crunch owns, operates, and controls the gym at 63rd Street, in the County and State of New York, from which Mr. Lefkowitz was ejected due to his disability. Crunch serves the public and offers membership to all adults who pay the membership fee.

6. Defendant YVAN JOHNSON ("Johnson") is the membership director of the 63rd Street Crunch location and an employee of CRUNCH FITNESS USA. Johnson threw Mr.

Lefkowitz out of the gym after observing his tics, and then told Mr. Lefkowitz that he was not allowed to ever return to that gym or any Crunch location in the entire United States.

## FACTS

7. Mr. Lefkowitz suffers from Tourette's syndrome, which is a neurological disorder that causes vocal and motor tics.  The tics look like abrupt, jerking movements, noises and spoken words (often obscenities).  Such behavior is beyond the control of the afflicted individual, and often causes extreme embarrassment and shame.

8. Mr. Lefkowitz is a qualified individual with a disability, as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(2).

9. Lewis Lefkowitz often felt ashamed because of his condition, but tried to overcome his feelings of embarrassment and lead a normal life despite his condition.  A friend of Mr. Lefkowitz's was a member of Crunch.  Mr. Lefkowitz was considering joining a gym himself, so his friend gave him some guest passes to work out at Crunch.

10. In or about January 2007, Mr. Lefkowitz visited the Crunch location at 63rd Street with his friend, Laura.  While working out, Mr. Lefkowitz experienced some tics as he routinely does as part of his Tourette's syndrome.  Defendant Johnson, membership director of the gym, knew that Mr. Lefkowitz had inquired of some of the sales representatives employed by the gym about the possibility of purchasing a membership and joining the gym.  Johnson observed Mr. Lefkowitz's behavior while working out and told Mr. Lefkowitz to leave the gym.  Johnson later sent Mr. Lefkowitz an e-mail telling him not to return to that Crunch location or any other location in the United States.

11. Johnson was rude and abrasive in his treatment of Mr. Lefkowitz upon

observing Lefkowitz exhibiting symptoms of his Tourette's syndrome. Lefkowitz even saw Johnson mocking Lefkowitz and imitating Mr. Lefkowitz's tics.

12. Mr. Lefkowitz left the gym feeling sad, embarrassed, humiliated, ashamed, angry, distraught, helpless, and a host of other emotions. Lefkowitz has sought counseling since the incident to cope with his feelings, and his Tourette's syndrome has worsened since the incident.

## AS AND FOR A FIRST CAUSE OF ACTION - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

13. Plaintiff repeats and realleges as if fully set forth herein the allegations contained in paragraphs numbered 1 through 12.

14. Defendants' ejection of Plaintiff from the Crunch location at 63rd Street, New York, New York due to Plaintiff exhibiting symptoms of his Tourette's syndrome, and subsequent banning of Plaintiff from all Crunch locations for the same reason, were discriminatory actions by Defendants against Plaintiff, a qualified individual with a disability, taken solely due to Plaintiff's disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12182.

15. At the time Defendant Johnson took the discriminatory and exclusionary actions against Plaintiff described above, Johnson was working within the scope of his employment as membership director for Defendant Crunch, and Defendant Crunch is vicariously liable for Defendant Johnson's actions.

16. As a result of Defendants' violation of Plaintiff's rights, Plaintiff has suffered injury including aggravation of his Tourette's that may be permanent, severe mental and

emotional distress, damage to reputation, and economic loss. Accordingly, seeks injunctive relief against Defendant Crunch Fitness, including but not limited to allowing Plaintiff the option to visit or join any Crunch gym of his choice if he elects to do so.

## AS AND FOR A SECOND CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

17. Plaintiff repeats and realleges the allegations set forth above and numbered "1" through "16" as though fully set forth herein.

18. Defendants' conduct in mocking plaintiff and his disability, then ejecting him from the Crunch Fitness location and banning him from all locations, thereby degrading and humiliating him, is conduct so extreme and outrageous as to be intolerable in a civilized community.

19. As a result of defendants' said conduct, plaintiff suffered and continues to suffer severe emotional distress.

20. Plaintiff's distress was intentionally, or at a minimum, recklessly, caused by defendants.

21. Defendant Crunch Fitness is vicariously liable for the of its employees, specifically defendant Yvan Johnson.

22. As a result of Defendants' violation of Plaintiff's rights, Plaintiff has suffered injury including aggravation of his Tourette's that may be permanent, severe mental and emotional distress, damage to reputation, and economic loss, and accordingly Plaintiff is entitled to compensatory damages against Defendants in an amount not less than One Million Dollars ($1,000,000.00), and punitive damages against Defendants in an amount not less than Three Million Dollars ($3,000,000.00).

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order granting Plaintiff appropriate injunctive relief against Defendants on the First Cause of Action; and, compensatory damages against defendants in an amount not less than One Million Dollars ($1,000,000.00) on the Second Cause of Action, and punitive damages against defendants in the amount of Three Million Dollars ($3,,000,000.00) on the Second Cause of Action; granting Plaintiff reasonable attorneys fees, costs and disbursements pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12205; and granting such other and further relief as to this Court may seem just and proper.

Dated: May 23, 2007
      New York, New York

      Yours, etc.,

_____
James LeBow, Esq.
Law Office of James LeBow
488 Madison Avenue
New York, New York
Tel. (212) 868-3311