The Law Office of
# JAMES B. LEBOW
Attorney and counselor at law
Admitted NY, CA, DC, MD, KS, MO

MAY 25 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/4/07

May 22, 2007

Honorable William H. Pauley
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2210
New York, NY 10007

*Application granted. The pre-motion conference will be held concurrently with the initial pre-trial Conference on 6/15/07 at 11:00 a.m.*
SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
5/30/07

Re: **Lefkowitz v. Crunch Fitness USA and Yvan Johnson**
<u>**Index No. 07 CV 2994**</u>

**<u>Response to Request for Pre-Motion Conference re: Motion to Dismiss</u>**

Dear Judge Pauley:

We are the attorneys for plaintiff in the above-referenced matter, and we write this letter in response to defense counsel's request for pre-motion conference concerning defendants' intention to file a motion to dismiss the complaint in its entirety. <u>We also write to request a pre-motion conference concerning our desire to make a motion requesting leave to amend the complaint.</u>

I. <u>Summary of the Case</u>

There are some very serious allegations in this case that have to do primarily with discrimination in violation of the Americans with Disabilities Act. Plaintiff, Lewis Lefkowitz, was ejected from a Crunch Fitness location in Manhattan and told not to return to that location or any other Crunch Fitness location in the United States. Mr. Lefkowitz was ejected and banned was that because he suffers from Tourette's syndrome, a neurological condition which causes him to twitch and utter involuntary vocal grunts.

II. <u>Defendant's Requested Motion to Dismiss</u>

Defendant falsely represents to this court that the complaint filed to commence this action contains frivolous claims. Quite the contrary, the claims sought to be litigated in this action are not only meritorious, public policy mandates that this plaintiff be allowed to air his grievances before this court. While, admittedly, there may have been errors in the manner of pleading the causes of action, the complaint is not altogether defective as alleged by defendants. On that basis, defendants do not make this motion in good faith.

III. <u>Plaintiff's Request for Leave to Amend the Complaint</u>

The errors in pleading having been brought to our attention by defense counsel's letter, as an alternative to an unnecessary and futile motion to dismiss, plaintiff seeks leave to file an amended complaint pursuant to Fed. R. Civ. Pro. 15(a).

Specifically, the plaintiff intends to amend the caption to reflect the corporate name under which Crunch Fitness USA is doing business in the State of New York, namely, AGT Fitness. Next, based upon defendants' representation that neither defendant was acting under color of state law, we will also omit the second cause of action in its entirety. However, if it should be uncovered at any point during the course of this litigation that in fact defendants were acting in such a manner or under such circumstances that 42 U.S.C. § 1983 is applicable in this case, plaintiff reserves the right to amend the complaint to re-instate the second cause of action. In place of the section 1983 cause of action, plaintiff will seek relief for intentional infliction of emotional distress for the great shame and embarrassment suffered by plaintiff upon being ejected from Crunch Fitness by defendants due to plaintiff exhibiting symptoms of his disability. Additionally, the claim for fees under 42 U.S.C. § 1988 will be eliminated since this action will no longer be brought under 42 U.S.C. § 1983.

The complaint will further be amended to reflect that the first cause of action arises under Title III of the Americans with Disabilities Act (42 U.S.C. §12182).[1] Thus, plaintiff will

---

[1] In the complaint, there were some mistaken references to "42 U.S.C. § 12132", where it should have read "42 U.S.C. § 12182". Those errors are corrected in the proposed amended complaint. Contrary to the defendants' characterization of these mistakes as something more, plaintiff's intention to bring an action under 42 U.S.C. § 12182 is plainly stated in paragraph 1/preliminary statement of the complaint.

amend the relevant *ad damun* clauses since Title III precludes the seeking of monetary damages.

The above changes should satisfactorily amend the complaint such that a motion to dismiss would not be warranted.[2] A copy of the proposed amended complaint is attached for the Court's clarification.

Thank you for the Court's indulgence and we look forward to a prompt and just resolution of these issues.

Sincerely,

James B. LeBow

cc: Helen Rella, Siller Wilk LLP
    Attorneys for Defendants

Enclosures

---

[2] Defendants also raise an issue about proper service of process in this action. However, in light of the fact that plaintiff's time in which to serve the complaint has not yet expired, defendants' contention on this point is without merit.